# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

VICTORIA L. SIANNI,                        )
PERSONAL REPRESENTATIVE                    )
OF THE ESTATE OF                           )
LORI A. GALLAGHER, DECEASED,               )
                                           )
    Plaintiff,                             )
                                           )
        v.                         )    C.A. No. N21C-09-152 FWW
                                           )
PATRICK BLANCO, DENISE BLANCO,             )
AUSTIN BLANCO, KRISTEN                     )
DEFERRIO, AND ANY UNKNOWN                  )
OCCUPANTS OF 2206 BRACKEN                  )
AVENUE WILMINGTON, DE 19808,               )
                                           )
    Defendants.                            )

Submitted: December  7, 2021
Decided: December 14, 2021

*Upon the Motion for Judgment on the Pleadings of Plaintiff Victoria L. Sianni,
Personal Representative of the Estate of Lori A. Gallagher, Deceased,*
**DENIED.**

## ORDER

David J. Ferry, Jr., Esquire, Ferry Joseph, P.A., 824 N. Market Street, Suite 1000, P.O.  Box 1351, Wilmington, Delaware 19899, Attorney for Plaintiff.

Elizabeth C. Rowe, Esquire, Legal Services Corporation of Delaware, Inc., 100 W. 10th Street, Suite 203, Wilmington, Delaware 19801, Attorney for Defendants.

**WHARTON, J.**

This 14th day of December 2021, upon consideration of the Motion for Judgment on the Pleadings ("Motion") of Plaintiff Victoria L. Sianni, Personal Representative of Lori A. Gallagher, Deceased, ("Sianni"),[1] the Defendants' Response Opposing Plaintiff's Motion for Judgment on the Pleadings,[2] and the record in this case, it appears to the Court:

1. Sianni brings a Complaint for Ejectment requiring the Defendants to cease occupancy of a property located at 2206 Bracken Avenue, Wilmington, Delaware ("Property").[3] In her Complaint, she alleges that she is the personal representative of the estate of Lori A. Gallagher who died June 5, 2021 and was the sole owner of the property.[4] She claims that the Defendants are living in the property without any legal right to do so and have refused demands to vacate it.[5]

2. In her Motion, Sianni argues that the Defendants admit that they are residing in the property and also admit that the deceased Lori A. Gallagher was the sole owner of the property.[6] Those admissions warrant granting the motion in Sianni's view. Further, the Defendants have failed to set forth any defenses to ejectment in their Answer as required by 10 Del. C. § 6701(b).[7]

---

[1] D.I. 15.
[2] D.I. 19.
[3] Complaint, D.I. 1.
[4] *Id.*
[5] *Id.*
[6] Pl.'s Mot. Judg. on the Pleadings, D.I. 15.
[7] *Id.*

3. The Defendants have responded through counsel.[8] When they answered the Complaint, they were unrepresented.[9] They argue that they should be afforded the traditional deference that Delaware courts have accorded to *pro se* litigants when their pleadings fail to conform to technical or legal standards.[10] They contend that, when viewed in this light, their Answer raises disputed issues of material fact.[11] While they do not deny that Lori Gallagher was the sole owner of the property, they maintain that their possession is lawful by virtue of a verbal agreement with her.[12] They also deny that they were ever given proper notice to vacate.[13] Moreover, they assert that the Complaint is deficient in certain respects.[14] Finally, should the motion be denied, they intend to seek leave to file an amended answer and assert affirmative defenses.[15]

4. Pursuant to Super. Ct. Civ. R. 12(c), "[a]fter the pleadings are closed but within such time so as not to delay the trial, any party may move for judgment

---

[8] Defs.' Resp., D.I. 19.
[9] *Id.*
[10] *Id.,* The Court holds *pro se* litigants to a "somewhat less stringent technical standard than formal pleadings drafted by lawyers *PNC Bank, N.A. v. Mueller*, 1987 WL 549587 (Del. Super. 2019) , citing *Vick v. Haller,* 1987 WL 36716, at *1 (Del. 1987).
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*

3

on the pleadings."[16] Upon considering such a motion, the Court must accept all well-pled facts as true and must construe all reasonable inferences in favor of the non-moving party.[17] The motion may only be granted where the Court is satisfied that "no material issue of fact exists and the movant is entitled to judgment as a matter of law."[18]

5. The Court accepts the well-pled facts in the Defendants' Answer to the Complaint as true and construes all reasonable inferences in their favor. According the *pro se* Defendants some deference, the Court finds that a reasonable interpretation of their Answer is that the Defendants deny that their possession of the property is unlawful. Rather, they advance the defense that they are in possession of the property under a verbal lease with Lori A. Gallagher. They also deny that they were provided with proper notice to vacate the property. Thus, there are material issues of fact. Giving effect to the Court's strong preference for resolving litigation on the merits, the Motion for Judgment on the Pleadings is **DENIED.**

**THEREFORE**, for the reasons set forth above, the Motion for Judgment on the Pleadings of Plaintiff Victoria L. Sianni, Personal Representative of the Estate of Lori A. Gallagher, Deceased is **DENIED.**

---

[16] Super. Ct. Civ. R. 12(c).

[17] *Silver Lake Office Plaza, LLC v. Lanard & Axilbund, Inc.*, 2014 WL 595378, at *6 (Del. Super. Jan. 17, 2014).

[18] *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund II, L.P.*, 624 A.2d 1199, 1205 (Del. 1993).

Defendants shall have 30 days from the date of this Order to file an Amended

Answer to the Complaint for Ejectment.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.
